IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                          **18 CR 3323 JH**

**JANSEN PESHLAKAI,**

    **Defendant.**

**APPEAL OF MAGISTRATE'S DETENTION ORDER**

    **PURSUANT TO** 18 U.S.C. § 3142 and 18 U.S.C. § 3145;

    **COMES NOW** Jansen Peshlakai through counsel Edward O. Bustamante and respectfully requests this Honorable Court reverse the Order of Detention issued by the Magistrate Court on December 12, 2018.

    As grounds and in support Mr. Peshlakai states:

    1.   Jansen Peshlakai is charged with second degree murder stemming from an incident allegedly occurring in Indian Country on July 13, 2018;

    2.   The government presented this matter to the grand jury on October 11, 2018 and on that date the grand jury found probable cause to issue a criminal indictment;

3.      Mr. Peshlakai upon learning he may be charged with a criminal offense in this matter immediately retained private counsel Adam Bell, based in Farmington, New Mexico;

4.      Jansen Peshlakai was in consistent if not constant contact his private attorney who was in turn in contact with the Office of the United States Attorney during the initial investigation in this matter;

5.      When the Office of the United State Attorney sought and received an indictment in this matter the Office of the United States Attorney remained in contact with private counsel Adam Bell;

6.      Subsequent to indictment Adam Bell arranged for the surrender of Mr. Peshlakai in the Farmington, New Mexico area;

7.      Mr. Peshlakai presented himself, cooperated with, and surrendered himself to federal law enforcement;

8.      During the initial stages of the investigation it was learned and accepted as fact by all parties that Mr. Peshlakai has suffered a serious closed head injury and the consequences of that injury continue to effect and impair Mr. Peshlakai to present;

9.      Mr. Peshlakai is prescribed and is required to ingest a battery of medications to prevent ongoing seizures from his closed head injury;

10. Prior to surrendering to federal authorities Mr. Peshlakai was scheduled to meet with a multiple doctors concerning his ongoing permanent closed head injury;

11. Subsequent to surrendering federal authorities Mr. Peshlakai has suffered a disruption in his prescribed medications;

12. The disruption in prescribed medication is causing at a minimum elevated anxiety in Mr. Peshlakai which in turn exacerbates Mr. Peshlakai's closed head injury;

13. Mr. Peshlakai is not a flight risk nor an ongoing danger to the community;

14. Given Mr. Peshlakai's ongoing, permanent fragile condition, appropriate conditions of release can be fashioned to ensure the safety of the community and ensure Mr. Peshlakai will appear for all future settings;

15. Mr. Peshlakai has family ties in New Mexico and strong family support that will again ensure his return to court and ensure the safety of the community;

16. The Magistrate Court in ordering detention, expressed concerns that detention might disrupt Mr. Peshlakai's battery of medications;

17. The defense readily concedes the serious nature of the allegations in this matter create a presumption of detention;

18. Though an important factor, the presumption must be balanced with other matters including in this case, Mr. Peshlakai's permanent fragile medical condition, his strong family ties and support;

19. Mr. Peshlakai requests reasonable modifications to allowing supervised release into the community;

20. Mr. Peshlakai requests this Honorable Court allow his release to the La Pasada Halfway House and include electronic monitoring as part of his release;

21. The safety of the community and Mr. Peshlakai's return to all future proceedings is ensured with release to La Pasada and with supervision by Federal Pretrial Services;

22. Moreover release to the La Pasada Halfway House will allow Mr. Peshlakai to resume his medical treatment in the community;

23. The burden of persuasion regarding risk-of-flight and danger to the community remains with the government. *United States v. Stricklin,* 932 F.2d 1353 (10th Cir. 1991);

24. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain. *Stricklin,* at 1354-55;

25. Any doubts regarding release should be resolved in the defendant's favor. *United States v. Townsend,* 897 F.2d 989, 994 (9th Cir. 1990);

26. Jansen Peshlakai remains detained in this matter and requests a hearing as soon practicable;

27. Assistant United States Attorney Allison Jaros opposes this request based on the government's Motion to Detain and prior argument requesting detention.

Based on the above, defense counsel respectfully moves the Court set a hearing in this matter as soon as practicable.

Respectfully submitted by,

/s/
_____
*EDWARD O. BUSTAMANTE*
*610 GOLD AVE, SW, STE. 200*
*ALBUQUERQUE, NM 87102*
*(505) 842-9093*

This certifies a true copy
of this motion was sent to
Allison Jaros, AUSA on
January 10, 2019 via electronic
filing.

/s/
_____
*EDWARD O. BUSTAMANTE*