IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
    vs.                         )       Cr. No. 18-03323 JCH
                                )
**JANSEN PESHLAKAI**,           )
                                )
            Defendant.          )

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S APPEAL OF DETENTION ORDER

The United States responds in opposition to Defendant Jansen Peshlakai's Appeal of

Magistrate's Detention Order (Doc. 13) and asks this Court to uphold the December 13, 2018,

order of pretrial detention (Doc. 12) entered by United States Magistrate Judge Laura Fashing.

BACKGROUND

On October 11, 2018, a federal grand jury returned an indictment charging the defendant,

Jansen Peshlakai, with second degree murder.   (Doc. 2.)   This charge arises from the

defendant's July 13, 2018 attack on a car full of good Samaritans who stopped to intervene in a

domestic dispute the defendant was having with his wife.   Specifically, on July 13, 2018, the

defendant and his wife were arguing on the side of the road outside Shiprock, New Mexico.

The defendant's wife was yelling "Help me! Help me!" when a white truck stopped to assist.

The victim, John Doe, was a passenger in that truck.

The driver of the white truck offered the defendant's wife a ride.   She got into the truck

to leave, which angered the defendant.   The defendant got into his vehicle, a brown SUV, and

drove across the road to where the white truck was parked.   The defendant rammed the white

truck.    Next, the defendant ran over John Doe who was outside the vehicle on foot.    There were several eye witnesses to the collision, including another motorist who stopped to observe. According to the witnesses, the defendant did not attempt to swerve or slow down to avoid running over John Doe.    At the time of the collision, it was light outside.    John Doe died from his injuries later that day.

The defendant turned himself in and was arrested on December 10, 2018.    (Doc. 7.) On December 13, 2018, the defendant appeared before United States Magistrate Judge Laura Fashing for a detention hearing.    (Doc. 11.)    After considering the arguments of both parties, Judge Fashing ordered the defendant's detention pending trial.    (Docs. 11-12.)    Judge Fashing concluded that the defendant would, if released, pose both a danger to the community and a risk of non-appearance based on the nature of the charge as well as the defendant's prior criminal history and his history of alcohol abuse.    (Doc. 12.)

STANDARD OF REVIEW

The Bail Reform Act requires detention of a defendant pending trial "if a judicial officer finds 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'"    18 U.S.C. § 3142(e).   To determine whether there is no condition or combination of conditions that will reasonably assure the appearance of the person as required or the safety of the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g):

(1)      the nature and circumstances of the crime charged;

(2)      the weight of the evidence against the defendant;

(3)      the history and characteristics of the defendant, including physical and mental condition, family ties, employment, community ties, drug or alcohol abuse

2

history, and past conduct; and

(4)     the nature and seriousness of the danger to the community or to an individual that

would be posed by release.

Where, as is the case here, no presumption in favor of detention exists,[1] the government must

prove that the defendant is a risk of non-appearance by a preponderance of the evidence or it

must prove the defendant is dangerous by clear and convincing evidence. *United States v.*

*Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).   A district judge reviews a magistrate judge's

order of detention de novo.   *Id.* at 616 n.1.

ARGUMENT

The evidence in this case demonstrates that the defendant poses a danger to the

community and that he is a risk of non-appearance.   The United States requests the defendant's

continued detention based on the following factors: (1) seriousness of the offense and the danger

to the community, (2) the strength of the evidence, (3) the defendant's criminal history, (4) the

defendant's prior history of alcohol abuse, and (5) the defendant's history of failing to appear

and failing to abide by Court orders.

First, and most critically, the nature and circumstances of the offense show that the

defendant presents a danger to the entire community.    In a fit of anger, the defendant ran over

an innocent man who was attempting to help the defendant's wife escape a domestic dispute.

The evidence against the defendant is strong.    There were several, unrelated eye-witnesses,

including the defendant's wife, who saw the defendant run over John Doe.    While the defendant

was drinking prior to the offense, this is not a defense.   *See United States v. Hatatley*, 130 F.3d

---

[1] There is a statutory presumption in favor of detention for, *inter alia*, certain drug crimes, crimes against children, and firearms offenses.   *See* 18 U.S.C. § 3142(e)(3).   The charge of second degree murder does not carry a presumption in favor of detention.   18 U.S.C. § 3412(e).

1399, 1405 (10th Cir. 1997) (voluntary intoxication is no defense to general intent crimes, such as second degree murder or voluntary manslaughter).

Second, in addition to the nature of the offense, the defendant poses a risk to the community based on his violent criminal history.   The instant offense was not an isolated incident.   The defendant previously has been charged with aggravated battery, battery on a household member, and domestic assault.   In 2016, the defendant was convicted of assault and battery with a dangerous weapon.

The defendant's dangerousness is exacerbated by his alcohol abuse.   The defendant has been charged with alcohol related offenses on at least ten different occasions.   He has convictions for public drunkenness and driving under the influence.   His recent criminal history confirms that he can be volatile when intoxicated.   In January 2018, he was arrested for public drunkenness and assault and battery.   In April 2018, he was arrested for public intoxication and placing a body fluid on a government employee.

Finally, as the Magistrate Judge noted (Doc. 12 at 3), the defendant has a history of failing to appear and failing to comply with the terms of probation.   At the time of his detention hearing, there were three outstanding warrants for the defendant's arrest.   One for a probation violation and two for failing to appear for court in Oklahoma.

Contrary to the defendant's position, his traumatic brain injury does not mitigate the risk he poses to the community.   Nor does it ensure he will appear in Court as required.   According to his treating neurologist, the defendant sustained the brain injury in 2013.   *See* Government's Exhibit 1.   Since that time, he has continued to drink and drive and commit other violent offenses.   He has not been law abiding.   Rather, his injury has diminished his ability to govern himself.   The defendant's doctor has opined that the defendant suffers from impaired judgment

and requires constant supervision for safety, medication administration, food preparation, and assistance with basic daily activities.   *Id.*

It is clear the defendant was not receiving this kind of supervision at the time of the offense, as he was both drinking and driving without a license.   Release to the family home is not a viable option.   Furthermore, there are no conditions or combination of conditions, short of detention, that can provide the defendant with the full-time supervision necessary to protect the community and assure his appearance in Court.

The defendant has asked that the Court release him to La Pasada Halfway House.   (Doc. 13 at 4.)   This is simply not an option.   Prior to the December 13, 2018 detention hearing, United States Pretrial Services considered whether the defendant could be placed at La Pasada Halfway House.   Upon information and belief, staff at the Halfway House indicated that they could not support the defendant's medical needs and would not accept him as a resident.   The government is not aware of any new information that would change this determination.   In any event, given the defendant's capacity for violence, his criminal history, and his issues with alcohol abuse, release to the Halfway House, *if* possible, would not sufficiently alleviate the danger the defendant poses to the community or his risk of non-appearance.

The defendant suggests that disruption in his receipt of prescribed medication favors release.   (Doc. 13 at 3.)   The government strongly disagrees.   Release of the defendant would be a drastic and inappropriate remedy for the alleged delay in providing the defendant with his prescribed medications.   The defendant's need for prescription medication does not make him less dangerous to others or more likely to appear in Court.   The facility where the defendant is currently held has confirmed that it is capable of dispensing medication to the defendant.   The facility reports that it has been providing the defendant with his medication.   To the

government's knowledge, the defendant has not made any sick calls or requested additional medication.   There is no reason to believe the defendant would receive improved medical treatment if released on his own.   If there has been an oversight in medication management, the first step should be for the defendant to address the issue with the facility or the United States Marshals Service.

CONCLUSION

The defendant is a danger to the community and a risk of non-appearance, and there are no conditions or combination of conditions that can reasonably assure the safety of the community and his appearance for trial.   Accordingly, the United States respectfully asks the Court to uphold December 13, 2018, order of pretrial detention.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Electronically filed January 14, 2019*
ALLISON C. JAROS
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1501
(505) 346-7296 fax

I hereby certify that a copy of this
motion was delivered via CM/ECF
to counsel for the defendant.

*Electronically filed*
ALLISON C. JAROS