IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No.: 18-03323-JCH |
| | ) | |
| **JANSEN PESHLAKAI,** | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR COMPETENCY EVALUATION

The United States of America respectfully moves this Court under 18 U.S.C. §§ 4241 and 4247(b) for an order committing the defendant, Jansen Peshlakai, to the custody of the Attorney General for the purpose of undergoing a psychiatric or psychological examination to determine competency.  In support of this motion, the United States sets forth the following:

1. On October 11, 2018, the grand jury returned an indictment charging Defendant with second degree murder, in violation of 18 U.S.C. § 1153 and 1111.  (Doc. 2).

2. Prior to indictment, Defendant hired defense counsel Adam Bell to represent him in this matter.  Mr. Bell advised the undersigned prosecutor that he believed Defendant was not competent to stand trial.

3. In support of this claim, prior defense counsel provided the government with a letter from Defendant's treating neurologist regarding Defendant's mental health.  This letter is attached as Government's Exhibit 1.  According to the letter, Defendant sustained a traumatic brain injury in 2013.  The injury "affected both frontal lobes [of Defendant's] brain leading to impairments of judgment, planning, and complex decision making."  As a result, Defendant allegedly requires constant supervision and assistance with basic daily activities.

4.      A defendant has a due process right to a competency hearing, if the record raises a genuine, reasonable doubt about his competency to stand trial. *United States v. Williams*, 113 F.3d 1155, 1160-61 (10th Cir. 1997).

5.      Consistent with this right, 18 U.S.C. § 4241(a) requires the court to order a hearing to determine mental competency whenever "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

6.      Prior to the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted and that a psychiatric or psychological report be filed. 18 U.S.C. § 4241(b).

7.      In order to facilitate the examination, the court may commit the defendant to the custody of the Attorney General for placement in a suitable facility for a reasonable period, not to exceed 30 days. 18 U.S.C. § 4247(b).

8.      In this case, prior defense counsel's statements and the letter from Defendant's treating neurologist provide reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rending him mentally incompetent to stand trial.

9.      Accordingly, the United States submits that there is good cause for the Court to enter an order to determine competency with the following terms:

    a.  The defendant, Jansen Peshlakai, shall be evaluated by a licensed or certified psychiatrist or psychologist to determine whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent

       to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

b. The defendant shall be committed to the custody of the Attorney General for placement in a suitable Bureau of Prisons facility for a reasonable period of time, not to exceed thirty days, for the examination. If additional time is necessary to observe and evaluate the defendant, the director of the facility may apply for a reasonable extension not to exceed fifteen days.

c. A sealed report of the evaluation shall be prepared in accordance with 18 U.S.C. § 4247(b) and (c). The report shall be submitted to the Court with copies provided to counsel for the defendant and counsel for the government. The report shall address the factors relevant to a determination of competency set forth in 18 U.S.C. § 4247(c), including, but no limited to: (1) the defendant's ability to understand the nature and consequences of the proceedings against him; and (2) the defendant's ability to assist properly in his defense.

d. All proceedings in this case shall be stayed until the report is received and a competency hearing is convened. Pursuant to 18 U.S.C.§ 3161(h)(1)(A), the period of time from the entry of the order for competency evaluation until the entry of an order resolving the question of defendant's competency shall be excluded for purposes of calculating defendant's speedy trial rights.

10.    Defense Counsel was contacted and opposes this motion.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Electronically filed February 7, 2019*
ALLISON C. JAROS
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1501
(505) 346-7296 fax

I hereby certify that a copy of this motion was delivered via CM/ECF to counsel for the defendant.

*Electronically filed*
ALLISON C. JAROS