UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                        CR 18-3323 JCH

**JANSEN PESHLAKAI,**

        **Defendant.**

**MOTION FOR EXPEDITED HEARING BEFORE AN ARTICLE III JUDGE TO SET CONDITIONS OF RELEASE DUE TO CORONAVIRUS PANDEMIC THREAT TO AN AT RISK DEFENDANT**

    **COMES NOW** Jansen Peshlakai through counsel Edward O. Bustamante and respectfully moves the Court issue an Order setting conditions of release in this matter.

    As grounds Defendant states:

    1.   Jansen Peshlakai is alleged to have committed a criminal act on July 13, 2018;

    2.   Based on the allegations, charges were filed against Mr. Peshlakai in State of New Mexico courts;

    3.   Mr. Peshlakai immediately retained an attorney in the state matter and was in constant, consistent contact with his attorney Adam Bell of Farmington, New Mexico;

    4.   On October 11, 2018, a federal grand jury returned an indictment against Mr. Peshlakai and presumably the state matter no longer proceeds;

    5.   Mr. Peshlakai was relying on his retained counsel to keep him informed of any updates based on the July 13, 2018;

6. In early December of 2018 Adam Bell contacted Mr. Peshlakai, informed him of the federal warrant and stated Federal Marshalls would be present to take Mr. Peshlakai into federal custody;

7. Jansen Peshlakai traveled to Farmington, New Mexico from Gallup, New Mexico arrived at Mr. Bell's office and peacefully surrendered himself to federal authorities;

8. Any delay from the October 11, 2018 federal indictment to Mr. Peshlakai peacefully surrendering to federal law enforcement was not due to Mr. Peshlakai avoiding federal authorities;

9. Just prior to, or immediately subsequent to the arrest of Mr. Peshlakai prior defense counsel provided the government and presumably Assistant United States Attorney Allison Jaros with preliminary medical records of Mr. Peshlakai's worsening neurological state and his likely inability to care for himself;

10. On December 13, 2018, the government used the medical information provided by prior defense counsel to successfully argue to the assigned United States Magistrate, Mr. Peshlakai's current mental state made him a danger to the community, himself and others; *(Docket #12)*

11. On January 10, 2019, defense filed an appeal of the December 13, 2019 Detention Order; *(Docket #13)*

12. The government responded on January 14, 2020 and included as Exhibit 1, the preliminary medical record referring

2

to Mr. Peshlakai's traumatic brain injury; *(Docket #14)*

13. On February 7, 2019 the government filed a Motion for Competency Evaluation; *(Docket #23)*

14. Given Mr. Peshlakai's history both parties realized his competency was a legitimate inquiry in determining how and if this criminal matter would proceed;

15. The matter has been on a for all practical purposes since the Motion for Competency Evaluation;

16. On June 14, 2019 after having been evaluated in the FBP Facility in Elwood, Colorado, Jessica Micono, Psy.D. concluded Jansen was currently incompetent to proceed;

17. The FBP in Colorado recommended Jansen be committed to an FBP to determine if he could be restored to competency;

18. On March 20, 2020, the FBP Medical Facility in North Carolina returned a report concluding Mr. Peshlakai was competent to proceed; *(Docket #37)*

19. On or about April 17, 2020 Jansen Peshlakai returned to the District of New Mexico and is house in the Cibola Federal Detention Center in Milan, New Mexico;

20. Prior to entering federal detention, during his entire stay in detention and presumably subsequent to his return Jansen has been on a course of multiple medications designed to prevent seizures and to presumably to control pain;

21. Since January, 2020 to present the Coronavirus pandemic has dramatically changed the course of American life as well a

3

the world;

22. The global economy has shut down and as of the filing of this motion 2,428,638,000 million human are infected with the virus;

23. As to the filing of this motion 166,139 person have died due to the pandemic;

24. Within the federal detainee and inmate population to the best of defense counsel's knowledge eighteen (18) inmates/detainees have died to the Coronavirus and its ensuing complications;

25. The number of deaths of corrections officers and or medical staff and support staff in the BOP is unknown;

26. Jansen Peshlakai is an at risk detainee due to his permanent closed head injury and his course of medications that make him vulnerable to any health threat while detained;

27. Defense counsel of Jansen's behalf requests this Honorable Court set reasonable conditions that allow Jansen to be apart from physical conditions designed to encourage the spread of a deadly pandemic that as of the filing of this motion shows to real sign of slowing;

28. Jansen Peshlakai requests he be released into the custody of his daughter Jennifer Peshlakai or his mother;

29. Jennifer Peshlakai lives in Oklahoma but Jansen can be easily supervised by federal pretrial services in Oklahoma;

30. Jansen's mother lives in Churchrock, New Mexico and can

be supervised by New Mexico Pretrial Services; was then

31. Pursuant to 18 U.S.C. § 3142 Defendant requests release with third party supervision;

32. Any doubts regarding release should be resolved in the defendant's favor. United States v. Townsend, 897 F.2d 989, 994 (9th Cir. 1990).

Based on the above Jansen Peshlakai through counsel requests an expedited setting in this matter due to the lethal threat of the Coronavirus pandemic and furthermore respectfully requests the Court set conditions in this matter.

Respectfully submitted,

/S/
_____
*EDWARD O. BUSTAMANTE*
*610 GOLD, SW #200*
*ALBUQUERQUE, NM 87102*
*(505) 842-9093*

This certifies a copy of this motion
was sent to Allison Jaros, AUSA
Office of the United States Attorney
Via e-mail on April 20, 2020.

/S/
_____
*EDWARD O. BUSTAMANTE*

5